B. Barton Greene *et al.* v. Tena DeWit Muse Healy *et al*

No. 13,784.   (78 Pac. 416.)

SYLLABUS BY THE COURT.

Mortgage Foreclosure—*Separate Tracts—Marshaling Assets.* Where, in an action to foreclose a mortgage on three separate tracts of real estate, one of which is claimed by certain parties defendant other than the mortgagor, it is conceded by all parties that the mortgagor did have some interest in the land at the time he executed the mortgage, and it appears that subsequently to the execution of the mortgage, in an action in ejectment, a judgment was rendered in favor of such claimants, canceling all pretended title of the mortgagor in such tract, and quieting the title thereto in such claimants, and that the two remaining tracts are still the property of the mortgagor, it is *held,* that it is not error for the court to order the tracts of land included in the mortgage and not subject to the claim of such defendants to be sold first, and the proceeds applied to the satisfaction of the mortgage lien before a sale of the tract claimed by them.

Error from Jefferson district court; Marshall Gephart, judge.   Opinion filed November 5, 1904. Affirmed.

*Dawes & Rutherford,* for plaintiffs in error.

*Samuel Maher,* for defendants in error.

The opinion of the court was delivered by

GREENE, J. : The plaintiffs brought this action upon a promissory note, and to foreclose a real-estate mortgage on three separate tracts of land. In addition to the payee they made certain parties defendants whom for brevity we shall call the Muse heirs. Service was obtained upon the latter by publication, and judgment was rendered against them by default. Afterward they applied for permission to be let in to defend as to one of the tracts of land included in the mortgage, and the judgment and order of sale were set aside and they were permitted to answer.

The note and mortgage sued on were executed March 24, 1888, for $3000, by John C. Douglass to J. W. Spratley. Afterward Spratley died, and his executors sold the note to plaintiff Greene. The Muse heirs, in their answer, claimed to be the owners of one of the tracts of land included in the mortgage given by Douglass. After judgment by default against the Muse heirs, and the issuance of an order of sale, the plaintiff Greene released one of the tracts of land from his mortgage. The Muse heirs made four contentions : (1) That they were the owners of one of the tracts of land included in the mortgage ; (2) that the amount due Greene from Douglass was only $2850 ; (3) that the judgment should be credited with the value of the land released from the judgment lien by Greene ; (4) that the other tract of land in which they had no interest should be sold, and the proceeds applied in payment of the balance of Greene's judgment, before an order of sale should issue for the sale of the tract claimed by them.

The court made special findings of fact and conclusions of law. It found there was due Greene and

Douglass $2850; that Greene knew of the claim of the Muse heirs when he released the tract of land from his lien; that on January 15, 1902, after the rendition of the judgment, Greene, at the request of Douglass, released from his judgment lien one tract of land of the value of $2850; that such judgment should be credited with an amount equal to the value of the land so released, to wit, $2850. It was adjudged that an order of sale issue for the sale of the tract of land not claimed by the Muse heirs, and in case it was insufficient to pay the balance of such judgment in the sum of $459.39, the tract claimed by the Muse heirs should then be sold to pay the balance. From this judgment the plaintiffs prosecute error.

It is first contended that the court erred in finding only $2850 due Greene on his mortgage. We think this finding is amply sustained by the evidence—even by the testimony of Greene himself.

It is also contended that the finding that Greene knew when he released the tract of land from his judgment lien that the Muse heirs were the owners of, or had an interest in, one of the other tracts of land covered by the mortgage has no support in the evidence. The record discloses that after Douglass executed the mortgage in question R. W. P. Muse, through whom the Muse heirs claimed, secured title from D. L. Lakin, and immediately went into the possession thereof; that afterward Douglass commenced an action in ejectment against Muse, which terminated December 23, 1901, in a final judgment in favor of Muse. The judgment is recited in the record in the following language :

"That said R. W. P. Muse was in possession of the land at the beginning of this action and remained the owner thereof and in possession until the time of his death, and that upon his death the defendants herein

[naming them] became the owners of said land as the heirs at law of said R. W. P. Muse, deceased, and said defendants are now the owners of said land and in posssession thereof, and their said title in fee and their right to the possession thereof is hereby quieted and confirmed, and the plaintiffs' claim thereto is held for naught."

The plaintiffs made the Muse heirs parties defendants in their foreclosure action, and set out in the petition that they claimed some interest in said land adverse to them, and asked to have said interest, whatever it might be, declared inferior to Greene's mortgage lien. It can hardly be contended, in view of these facts, that the court was not justified in finding that Greene had knowledge of the claim of the Muse heirs to this tract of land.

The final and last contention is that, conceding that the Muse heirs were the owners of the tract claimed by them, and that Greene knew they were the owners when he released the land from his judgment lien, the court had no power or authority in this class of actions to make the order and render the judgment which it did.

It is conceded by all parties that at the time Douglass gave the mortgage in question he had some interest in the real estate now claimed by the Muse heirs. Subsequently, however, that interest, whatever it may have been, was, by the judgment of a court of competent jurisdiction, in an action between Douglass and Muse, devested, and the entire title quieted in Muse, or the Muse heirs. When the trial in the present action was held, Douglass had no interest whatever in the tract claimed by the Muse heirs ; they held the entire title, subject, however, to the mortgage lien placed thereon by Douglass. Douglass cannot complain that the court required the judg-

ment against him to be satisfied by the sale of his property, instead of the sale of property belonging to the Muse heirs, nor can Greene complain of the order of the court directing the sale of the several tracts of land included in his mortgage the title to which is still in the name of the mortgagor, before proceeding to sell that portion included in his mortgage the title to which his mortgagor lost since the execution of the mortgage, and which is now in other persons.   The order of the court does not detract from Greene's security, but preserves it, to be applied so far as necessary, to the satisfaction of his mortgage lien.

The judgment of the court below is affirmed.

All the Justices concurring.